*191 ORDER DENYING MOTION FOR DISCOVERY SANCTIONS
KATHARINE ENGLISH, Chief Judge.
A. INTRODUCTION; BACKGROUND
As noted in an earlier Order entered in this case, the case involves defamation and other claims brought by a former manager and an employee of Nanitch Sahallie, a specialized treatment and counseling center, that was affiliated with the Tribe. The Defendants also were employees of Nanitch Sahallie.
The present controversy grows out of the fact that a few days before the scheduled depositions of two non-party witnesses, their attorney informed Plaintiffs’ counsel that “a conflict ha[d] arisen” for her on that date “making [her] unavailable” on the date scheduled for the depositions.[1] She suggested that Plaintiffs’ attorney contact her to reschedule the depositions. She indicated that they might be rescheduled relatively soon, perhaps in as little as eight or nine days after the date first scheduled. She wrote to Plaintiffs’ attorney, noting:
I have told you in waiting that my clients are available for deposition, just not on the date you insist due to my schedule. Please provide me with new dates and we can promptly reschedule their depositions. We do not require you to file a Motion to compel their attendance. They wall appear on a date and time that is agreeable to all.
Plaintiffs’ response, however, was to file a “Motion for Discovery Sanctions or an Order of Contempt” against the two non-party witnesses and their attorney for failing to appear at the scheduled time for their depositions and against those two witnesses and a third non-party witness— whose deposition already had to be reset because she was unavailable on the scheduled date—for allegedly failing to produce documents in response to Plaintiffs’ subpoenas.[2] Plaintiffs also ask for an award for their attorney fees “for their efforts in seeking discovery, filing and arguing this Motion and [contend that] a further reasonable amount should be imposed on the witnesses or their attorney for failing to appear.”
B. DISCUSSION
In seeking the imposition of sanctions or an order holding the non-party witnesses and their attorney in contempt, Plaintiffs rely on the Federal Rules of Civil Procedure (FRCP) 45(e) and 30(d)(3). FRCP 45(e) provides, in part, that:
Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issues.
FRCP 30(d)(3) provides that
If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and affir- *192 ney’s fees incurred by any parties as a result thereof.
 in response to Plaintiffs’ Motion, the third-party witnesses argue persuasively that neither they nor their attorney violated any discovery provision. Although Plaintiffs seek sanctions against the one witness whose deposition was not then scheduled, based on her alleged failure to produce documents, her obligation to produce documents only arose when she was scheduled to attend a deposition. The obligation to produce, thus, never ripened because the prerequisite for that obligation—a scheduled deposition at which she was required to appear—did not occur. And the witnesses had a reasonable excuse for their inability to attend, based on their attorney’s need to attend to a crisis that had arisen in another, unrelated case and that she felt demanded her immediate attention. See 9A Wright and Miller Federal Practice and Procedure § 2465, 85 (1995) (“Failure to obey a subpoena is not a contempt if there is an ‘adequate excuse’ for the noncompliance”); FRCP 45(e) (“failure by any person without adequate excuse ” to obey subpoena may be deemed contempt).
But, even if the witnesses or their attorney could be said to have violated any discovery requirement, this Court would not impose sanctions or hold any or all of them in contempt. The decisions to hold someone in contempt under FRCP 45(e) or to impose sanctions under FRCP 30(d)(3) are both discretionary. See FRCP 45(2) (person’s failure to obey subpoena “may be deemed a contempt of the court”); FRCP 30(d)(3) (if court finds that someone has frustrated the fail’ examination of a deponent, the court “may impose upon the persons responsible an appropriate sanction”). See also Food Lion v. United Food & Commercial Workers Union, 103 F.3d 1007, 1018 (D.C.Cir.1997) (court’s decision is a discretionary one).
And, even assuming any discovery violation occurred here, nothing in this situation convinces this Court to exercise its discretion either to impose sanctions or to hold anyone in contempt. Indeed, it is Plaintiffs who appear to seek to turn a relatively minor disagreement, that might have led to a relatively brief delay in the scheduling of these depositions, into a major controversy justifying sanctions or contempt. The Court is not convinced. The witnesses’ attorney’s excuse for the delay and for the need to reschedule these depositions was reasonable. Rather than simply reschedule the depositions, Plaintiffs filed this Motion. Their reaction, and their Motion, represent an exaggerated response to what could have been a brief delay in the course of discovery. The Court will not reward that exaggerated response by imposing any sanction or holding anyone in contempt.
C. CONCLUSION
Therefore, for the reasons given above, Plaintiffs’ Motion for Discovery Sanctions, or for entry of an order holding the witnesses or their attorney in contempt, is denied.

. She explained later that, on the day before she notified Plaintiffs' attorney of her unavailability, she had participated in a deposition in an unrelated case, where she learned information that required her to promptly lile a motion in that case.

. The subpoenas ordered the witnesses to produce certain documents at the deposition.